**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| GARY PERKINS,<br><br>Petitioner,<br><br>v.<br><br>BRIAN EMIG, Warden, and<br>ATTORNEY GENERAL OF THE<br>STATE OF DELAWARE,<br><br>Respondents. | ) | C.A. No. 25-434 (JLH) |

## MEMORANDUM ORDER

Pending before the Court are Petitioner Gary Perkins' Motion to Stay Proceedings (D.I. 26) and two Motions for Discovery (D.I. 35; D.I. 36).[1]

## I. MOTION TO STAY

Petitioner seeks a stay of these habeas proceedings pending his exhaustion of a claim raised in his Motion for Correction of an Illegal Sentence[2] filed in the Delaware Superior Court. (D.I. 26.) Petitioner seeks to exhaust his claim that, under *Erlinger v. United States*,[3] "his 'sentencing enhancement' . . . was unconstitutional because it violated the rule that only a jury may find 'facts that increase the prescribed range of penalties to which a criminal defendant is

---

[1] Petitioner says that he is having issues with the prison mail system, so the Court notes for the record that it has also received and considered Petitioner's January 14, 2026 letter regarding discovery requests (D.I. 29), "Motion for Objection" (D.I. 33) in reply to Respondents' Response to his Motion to Stay, Exhibits in support of that Objection (D.I. 34), status request dated April 6, 2026 (D.I. 37), June 17, 2026 supplement to his discovery motions (D.I. 39), and June 29, 2026 letter regarding issues with prison mail system (D.I. 40).

[2] Petitioner filed a Delaware Superior Court Order indicating that his state court motion is stayed pending the resolution of other cases raising the same or similar issues. (D.I. 34.)

[3] 602 U.S. 821 (2024) (holding jury must decide whether defendant's past offenses were committed on separate occasions for purposes of Armed Career Criminal Act).

exposed.'" (*Id.*) Respondents oppose the stay on the grounds that the claim Petitioner seeks to exhaust is not included in Petitioner's original or amended habeas petition (collectively referred to as the "Petition") and, therefore, the Court has no basis to stay these habeas proceedings because the pending habeas Petition is not a mixed petition containing both exhausted and unexhausted claims. (D.I. 30 at 8-9.) Citing Delaware state law, Respondents further argue that Petitioner's claim is not ripe and that there is no actual controversy since Petitioner is unlikely to ever serve the enhanced portion of his sentence (because he is serving an unenhanced sentence of life without parole for his murder conviction). (D.I. 30 at 9-12.)

Petitioner argues that the facts of his case satisfy the requirements of *Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines*, the United States Supreme Court held that courts should grant a stay instead of dismissing a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *See id.* at 278. Petitioner, however, has not raised this unexhausted sentencing claim in his § 2254 Petition and his Petition is not mixed. Staying these proceedings would not rectify the fact that Petitioner would still need to amend his habeas Petition to bring his sentencing claim before this Court. Therefore, Petitioner's Motion to Stay is denied without prejudice. *See Scott v. Slaughter*, C.A. No. 19-20962 (MCA), 2022 WL 4471900, at *2 (D.N.J. Sept. 26, 2022) (denying request to stay habeas proceedings pursuant to *Rhines* where pending § 2254 petition did not assert unexhausted claim); *Peoples v. DelBaso*, C.A. No. 17-4444, 2021 WL 5748942, at *5 (E.D. Pa. Aug. 24, 2021), *report and recommendation adopted*, 2021 WL 5711303 (E.D. Pa. Dec. 2, 2021) (recognizing motion to stay is generally premature where habeas petitioner has not sought to amend petition to include unexhausted claims); *Holloman v. Glunt*, C.A. No. 12-0272, 2013 WL 5948022, at *15 (E.D. Pa. Nov. 7, 2013)

(denying request to stay and declining to engage in hypothetical *Rhines* analysis because unexhausted claim was not raised in habeas petition).

It is possible that Petitioner could move to amend his § 2254 Petition to add his sentencing claim and seek a stay pending his exhaustion of that claim, but at this stage Petitioner has not requested to do so.[4] If Petitioner wants to proceed in this manner, the Court will provide Petitioner ***until October 2, 2026***, to file a motion to amend his Petition to include his sentencing claim, along with a renewed motion to stay. Any motion to amend the Petition shall address whether Petitioner's sentencing claim is timely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limitations period;[5] and, if not, if it relates back[6] to the date of his timely-filed Petition. Any renewed motion to stay must: (1) set forth good cause for Petitioner's failure to exhaust his sentencing claim earlier; (2) explain the potential merit of his enhanced sentencing claim; and (3) show that he has not engaged in intentionally dilatory tactics.[7] If Petitioner does

---

[4] Rule 15 of the Federal Rules of Civil Procedure ("FRCP"), which governs pleading amendments, is made applicable to habeas proceedings by 28 U.S.C. § 2242, FRCP 81(a)(4), and Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts. Once an answer has been filed – as in these proceedings – a petitioner may amend his petition only with respondents' consent or leave of court. Fed. R. Civ. P. 15(a)(2). Although leave to amend should be freely given when justice so requires," it may be denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. *See, e.g.*, *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

[5] AEDPA's one-year statute of limitations, as set forth in 28 U.S.C. § 2244(d)(1), is applied on a claim-by-claim basis. *See Fielder v. Varner*, 379 F.3d 113, 122 (3d Cir. 2004).

[6] Amendments made after the statute of limitations has run will relate back to the date of the original pleading if the original and amended pleadings "ar[i]se out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading." Fed. R. Civ. P. 15(c)(1)(B); *see also Mayle v. Felix*, 545 U.S. 644, 656-64 (2005) (addressing application of relation back rule in habeas context).

[7] The Court recognizes that some of the *Rhines* factors were addressed by the parties in their briefing on Petitioner's Motion to Stay. For the reasons discussed, however, the Court declines to engage in a *Rhines* analysis at this time.

not file a motion to amend and a motion to stay within the timeframe provided, the Court will rule on the current Petition, and Petitioner may lose his opportunity to present the sentencing claim in federal court.

## II. **MOTIONS FOR DISCOVERY**

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Decisions on discovery are subject to the district court's discretion. *See Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011). Pursuant to Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts, a court may authorize a party to conduct discovery only if the court determines there is "good cause" for such discovery. *See* Rule 6(a). A petitioner may satisfy the "good cause" standard by setting forth specific allegations which, if fully developed, would entitle the petitioner to relief. *See Harris v. Nelson*, 394 U.S. 286, 300 (1969); *Williams*, 637 F.3d at 209. When determining if "good cause" exists, the court should consider the "essential elements" of the petitioner's underlying habeas claim. *See Bracy*, 520 U.S. at 904.

Petitioner's discovery motions seek: (1) the document that "reveal[s] the truth about what was [his trial and sentencing judge's] conflict that compelled her to recuse herself" during postconviction proceedings; and (2) documents verifying that the 911 call came from a phone owned by the victim in his case.[8] After preliminarily reviewing the parties' filings and the record provided by Respondents, the Court is not persuaded that the requested records would aid Petitioner in demonstrating he may be entitled to relief. Petitioner's ineffective assistance of counsel claim for which he seeks the phone records was decided on the merits in state court and is, therefore, subject to review under 28 U.S.C. § 2254(d). When reviewing claims under

---

[8] The record reveals that this fact was stipulated to by the parties. (D.I. 16-23 at 382.)

§ 2254(d), the Court is limited to the record that was before the state court that adjudicated the claims on the merits. *See* 28 U.S.C. § 2254(d)(2); *Cullen v Pinholster*, 563 U.S. 170, 180-185 (2011). Petitioner's claim regarding the conflict resulting in the recusal of the judge in postconviction proceedings appears to be either noncognizable on federal habeas review or procedurally defaulted. Accordingly, at this stage, the record currently before the Court appears sufficient for the Court to rule on the Petition. Under these circumstances, the Court finds that Petitioner has failed to demonstrate good cause for his discovery requests. Nevertheless, if the Court subsequently determines that discovery would be appropriate, the Court will reconsider the issue.

## III. CONCLUSION

NOW THEREFORE, at Wilmington on this 25 day of August, 2026, **IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Stay (D.I. 26) is **DENIED without prejudice to renew**.

2. Petitioner's Motions for Discovery (D.I. 35; D.I. 36) are **DENIED without prejudice to renew**.

3. If Petitioner intends to proceed with a motion to amend and a motion to stay, he must file a motion to amend his Petition to include his sentencing claim(s), along with a motion to stay, ***on or before October 2, 2026***. The motions must address the issues identified above.

4. If Petitioner files a motion to amend and motion to stay, Respondents shall file a response ***on or before November 6, 2026***. Petitioner may file a reply ***on or before December 4, 2026***.

5. By Order dated December 31, 2025, the Court granted Petitioner an extension of time to file a Reply to Respondents' Answer to his Amended Petition and indicated that the deadline to do so would be determined after the resolution of the Motion to Stay. (D.I. 28.) If

Petitioner chooses not to move to amend his Petition, Petitioner must file his Reply to Respondents' Answer to his Amended Petition ***on or before October 2, 2026***.

6. If Petitioner does not file either a motion to amend and a motion to stay, or a Reply to Respondents' Answer to his Amended Petition, within the timeframe provided, the Court will rule on the Petition as currently pending and briefed.

____________________________________
The Honorable Jennifer L. Hall
United States District Judge